IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| MARK EASTERDAY, and <br> CHARISE EASTERDAY, <br><br> Plaintiffs, <br><br> v. <br><br> ALEXIS ROBINSON, and <br> KNOX COUNTY, TENNESSEE, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No._____ <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

COMES NOW the Plaintiffs, Mark Easterday and Charise Easterday, by and through counsel, and sues the Defendant Alexis Robinson, in her individual capacity only, and Defendant Knox County, Tennessee pursuant to 42 U.S.C. § 1983, for ten million dollars in compensatory damages and ten million dollars in punitive damages, as well as attorney fees, costs, interest, and equitable relief, and for his cause of action, claims and avers as follows:

### I. PARTIES

1. Plaintiff Mark Easterday (hereinafter "Plaintiff" or "Mr. Easterday") is a citizen and resident of Knox County, Tennessee.

2. Plaintiff Charise Easterday (hereinafter "Plaintiff" or "Mrs. Easterday) is a citizen and resident of Knox County, Tennessee and has been married to Plaintiff Mark Easterday for all times relevant to the events described in this complaint.

3. Defendant Alexis Robinson is a citizen and resident of Blount County, Tennessee. She is sued in her individual capacity only.

1

4. Defendant Knox County, Tennessee is a governmental entity organized in and pursuant to the laws of the State of Tennessee.

## II. STATEMENT OF JURISDICTION AND VENUE

5. This Court has jurisdiction over Plaintiffs' claims brought under Title 42 of the United States Code Section 1983. See 28 U.S.C. §§ 1331, 1343(a)(3).

6. Venue exists in the United States District Court, Eastern District of Tennessee at Knoxville, pursuant to 28 U.S.C. § 1391(b)(1) (the district in which any defendant resides) and/or 28 U.S.C. § 1391(b)(2) (the district in which a substantial part of the events or omissions giving rise to the claim occurred).

7. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

## III. STATEMENT OF FACTS

8. The Plaintiffs, Mr. and Mrs. Easterday, are married citizens and residents of Knox County, Tennessee. Mr. Easterday is an electrician who was employed with the Tennessee Valley Authority (TVA) where he worked as a security technician with the TVA police force and Mrs. Easterday was and is a homemaker for the family.

9. In his role as a security technician with the TVA police force, Mr. Easterday was often working away from home Monday through Friday while Mrs. Easterday was actively caring for the home and their three (3) children in his absence.

10. Despite the couple's full schedules with their professional and personal lives, they took Mr. Easterday's two (2) grand-nieces into their Knox County, Tennessee home in or around 2014.

11. At the time the grand-nieces came to live with the Easterdays, Defendant Alexis Robinson and her sister were eleven (11) and eight (8) years old.

12. Prior to arriving in the Plaintiffs' home, the children were in the custody of their grandmother, Mr. Easterday's sister. She had suffered a serious medical condition and was not physically able to care for the children and, instead of the girls being placed with a foster family, the Easterdays took the selfless action of bringing the girls into their home.

13. By all accounts, Defendant Alexis Robinson was a troubled child that exhibited behavioral issues and was constantly having to be disciplined by the couple. As a result of her rebellious spirit, Defendant Robinson spent much of her time at the Easterday home grounded in some capacity.

14. Among other things, Defendant Alexis Robinson would sneak out of the home on multiple occasions; have angry and violent outbursts when she would not get her way; sneak out with boys; and, on one occasion, was removed from the school bus for drinking alcohol.

15. As the primary caregiver during the week, Mrs. Easterday was the one tasked with enforcing discipline around the home. As a result, the relationship between Mrs. Easterday and Defendant Alexis Robinson was an extremely contentious one.

16. On more than one occasion, Defendant Alexis Robinson let it be known that she was unhappy with her living situation and desired to move into the home of friend Bailey Odom, but the Easterdays would not approve of such a situation despite the obvious difficulties they had controlling her rebelious behavior.

17. In fact, during Mr. Easterday's trail, Defendant Robinson stated that she had sought emancipation prior to her allegations because she wanted to follow her own rules and to do the things Mrs. Easterday would not allow while she lived under her roof.

18. Sometime in August of 2021, when Defendant Alexis Robinson was seventeen years old, she decided to allege that Mr. Easterday had sexually assault her to school guidance counselor.

19. As required by law, the guidance counselor informed law enforcement and the Department of Children's Services (DCS) to open an investigation.

20. On August 18, 2021, officials with the Knox County Sheriffs Office (KCSO) and DCS arrived at Plaintiffs' Knox County home where they informed the couple of the allegations and temporarily removed Defendant Alexis Robinson and her sister from the Easterday home and placed them in the home with Defendant Robinson's friend, Bailey Odom.

21. Shortly thereafter, Defendant Alexis Robinson provided KCSO and DCS with a forensic interview where she made allegations of multiple events concerning Mr. Easterday. Defendant Robinson's interview described multiple attempts to touch her; however, she specifically denies that Mr. Easterday had ever penetrated her.

22. Moreover, Defendant Robinson stated multiple times that her primary concern was leaving the Easterday home with her sister and living with her friend, Bailey Odom and not being placed into foster care.

23. When pressed on what she wanted to see happen to Mr. Easterday, Defendant Robinson expressly stated that "I don't want him to go to jail", and "If me and [my sister] were out of the house then I'll be fine." Further, when recounting why she never told Mrs. Easterday about the allegations, Defendant Robinson stated "she'd probably be like you're just using this as an excuse to get out of the house or something," and "She knows that I'm waiting till I turn 18 to leave."[1]

---

[1] See, State of Tennessee v. Mark Easterday, Knox County Criminal Court – Division II; Docket No. 120337; Forensic Interview of Lexi, August 24, 2021.

4

24. Over the next several months, Mr. and Mrs. Easterday were forced to live with the overwhelming dread of heinous criminal charges despite knowing they were innocent of the life-altering allegations.

25. The Knox County District Attorney's Office initially presented a seven-count indictment to the Knox County Grand Jury. Among the most damaging of the charges Defendant Robinson alleged was that Mr. Easterday had touched her inappropriately.

26. On December 15, 2021, the Knox County Grand Jury returned a true bill on the seven-count indictment.

27. Mr. Easterday was arrested on or about December 23, 2021, at his long-time place of employment, TVA, costing him his career and humiliating him in front of his co-workers, friends, and peers.

28. The timing of his arrest, based upon false information, ensured that he would not be able to be with his family over the Christmas holiday. This was the first time in the couple's over thirty-year marriage where they were separated during this special time.

29. This arrest would mark the beginning of an over two-year fight for his freedom, reputation, and his family's way of life. Despite his ultimate exoneration, the Easterdays' reputational damage and emotional trauma are forever ongoing.

30. Per TVA policy, Mr. Easterday was removed from service without pay pending the outcome of the criminal proceedings. By March 2022, Mr. Easterday had expended his savings defending himself from these spurious allegations and was forced to seek early retirement to have any income for the family.

31. In the meantime, Mr. and Mrs. Easterday were coping with the ongoing DCS investigation and their petition of dependency and neglect arising from the false allegations.

32. Mr. Easterday's criminal charges were being pursued by the Knox County District Attorney's Office's Child Abuse Unit's team leader Ashley McDermott and her associate, J. Franklin Ammons. Upon information and belief, General McDermott "manages a team of three attorneys and two support staff members"[2] in her role as Team Leader.

33. The criminal case was initially set on or about September 27, 2022, but the matter was cancelled and moved to, on or about, August 1, 2023.

34. As the pre-trial conference approached in mid-July, Mr. Easterday, through counsel, was asked to consent to an amendment to his charges, altering an allegation that Mr. Easterday touched Defendant Robinson's breast to one where he touched her buttocks. Mr. Easterday, through counsel, denied amending the indictment by agreement and advised the state they could seek any changes in the indictment through the proper channel, the Grand Jury.

35. Upon Mr. Easterday's denial, District Attorneys McDermott and Ammons informed his counsel that they would be seeking a new indictment, not only adding a count of touching of the buttocks, but also an additional allegation of rape.

36. When brought to the attention of the court, the Judge continued the trial due to the drastic change in defense strategy that would be necessary based upon these new allegations.

37. Furthermore, on information and belief, the alleged victim, Defendant Robinson was not going to be available to testify at the August 1, 2023, trial because she was planning to be out of state on a beach vacation.

38. On information and belief, this new presentment containing all the original allegations along with the proposed amended allegation and the new rape allegation were returned

---

[2] See, https://dag.knoxcountytn.gov/about/who-we-are/ (September 16, 2024).

6

Case 3:24-cv-00380-TAV-JEM    Document 1    Filed 09/16/24    Page 6 of 11    PageID #: 6

as a no true bill by the Knox County Grand Jury in mid-July 2023 for lack of probable cause to prosecute on all charges.

39. Following the Knox County Grand Jury's return of a no true bill on all charges alleged against Mr. Easterday, he was informed only that there was "no bill" for the rape allegation, but not provided with the no true bill from the Grand Jury showing no probable cause to proceed on any of the allegations. Moreover, when defense counsel requested Grand Jury reports for the relevant time periods, those Grand Jury reports did not include any presentments against Mr. Easterday, nor did these reports show any no true bills issued by the Grand Jury at all. In essence, there was no documentation that any subsequent presentment was presented to the Grand Jury.

40. Soon after, Mr. Easterday was informed that there was "no bill" on the rape allegation, and he was subsequently presented with a diversionary plea offer from the Knox County District Attorney's Office, which he refused due to his resolute stance regarding his innocence to these allegations.

41. Following Mr. Easterday's decline of the plea offer, Assistant District Attorney J. Franklin Ammons filed a Motion to Amend the Presentment on August 17, 2023, to substitute the allegation of touching Defendant Robinson's breasts with an allegation of touching Defendant Robinson's buttocks. This motion was made after the subsequent Grand Jury had filed the no true bill on the same subject matter that they were seeking the court's permission to amend. Defense counsel argued that the motion was improper, as the amendment did charge a different offense, and as such, the proper mechanism for adding the different offense would be through the Grand Jury. After argument, the motion was granted, ostensibly without the Court's knowledge of the no true bill.

7

42. Mr. Easterday and his defense counsel continued to prepare for his Monday, September 11, 2023, trial without any knowledge regarding the Knox County Grand Jury's determination of no probable cause.

43. On Sunday, September 10, 2023, the day before trial, Mr. Easterday's counsel received a phone call from Assistant Knox County District Attorney Ammons informing him of the no true bill on all charges. This was the first time Mr. Easterday or his legal team were made aware of this situation.

44. Mr. Easterday and his counsel, taken completely off guard by this revelation, prepared to argue a motion to dismiss the allegation based on the Knox County Grand Jury's findings and the motion was heard the first morning of trial.

45. The trail court erroneously overruled the motion to dismiss; denied Mr. Easterday's Tenn. R. App. P. 9 request for an interlocutory appeal, and ordered the trial to proceed despite the Knox County Grand Jury's finding of no probable cause. The judge, upon learning of the no true bill, did *sua sponte* amend the indictment back to the original allegations.

46. After four days of testimony, the jury quickly returned a verdict of not guilty on all charges, which made moot any post-verdict challenge to the trial Judge's ruling on the motion to dismiss.

47. Even with the criminal proceedings coming to a positive conclusion for the Easterdays, the DCS action was still pending regarding the custody of Defendant Robinson's minor sister. This matter did not conclude until June 13, 2024, where it was determined that the Defendant's younger sister would remain in the care of others.

## IV. CAUSES OF ACTION

<u>Count I</u>
<u>Abuse of Process – Defendant Alexis Robinson</u>

48. A cause of action exists under Tennessee state law for the abuse of a legal process for a result for which the legal process was not designed and for a wrongful purpose.

49. Plaintiffs aver that Defendant Alexis Robinson initiated a criminal and civil proceedings against them solely for the purpose of coercing the change of her residential and custodial status with Plaintiffs rather than seeking the redress of a crime or the protection of the Department of Children's Services.

<u>Count II</u>
<u>42 U.S.C. § 1983</u>
<u>Fifth and Fourteenth Amendment Violations – Defendant Knox County, Tennessee</u>

50. The Fifth Amendment to the United States Constitution provides that "no person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury . . . nor be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

. 51. Upon information and belief, the Plaintiff Mark Easterday was forced to answer for the infamous crime of sexual battery of a child by an authority figure in the Criminal Court of Knox County, Tennessee where there was no operative presentment or indictment of a Grand Jury thereby depriving Plaintiff Mark Easterday of his Fifth Amendment due process.

52. Here, the Knox County District Attorney's Office subverted and nullified the role of the Grand Jury when they deliberately, willfully and/or recklessly proceeded to trial against Mr. Easterday in direct contravention of the Grand Jury's role as a bulwark between the accuser and the accused.

53. Upon information and belief, supervisory officers and officials of the Knox County District Attorney's Office maintained policies, customs and procedures which directly and proximately led to the deliberate indifference to Mr. Easterday's constitutional right under the Fifth, and Fourteenth Amendment to the United States Constitution.

## V. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Mark Easterday and Charise Easterday respectfully requests this Honorable Court grant relief as follows:

a. Issue process, requiring the Defendants to answer this Complaint;

b. Empanel a jury to try this cause;

c. Award compensatory damages against Defendant Knox County, Tennessee brought pursuant to 42 U.S.C. § 1983 in the amount of $10,000,000.00;

d. Award punitive damages against Defendant Knox County, Tennessee brought pursuant to 42 U.S.C. § 1983 in the amount of $10,000,000.00;

e. Award the Plaintiffs attorney's fees pursuant to 42 U.S.C. § 1983;

f. Award the Plaintiffs compensatory damages against Defendant Alexis Robinson in the amount of $1,000,000.00;

g. Award the Plaintiffs punitive damages against Defendant Alexis Robinson in the amount of $1,000,000.00;

h. Award costs of this action including discretionary costs;

i. Award any other or further relief to which they may be entitled.

Respectfully submitted this 16th day of September, 2024.

/s/Jeffrey H. Glaspie
Jeffrey H. Glaspie (BPR#033311)
GLASPIE & RICKMAN, PLLC
500 Park Rd.
Sevierville, TN 37862
E-mail: jeff@GandRlawfirm.com
Phone: 865-505-0123
Fax: 865-505-9799